NOWLIN *v.* COOPER.

9346                                              235 S. W. 2d 888

Opinion delivered January 22, 1951.

*Alonzo D. Camp,* for appellant.

*D. Leonard Lingo,* for appellee.

MINOR W. MILLWEE, Justice. Appellants are the nephews, nieces and other collateral heirs of Mattie Now-

lin, deceased. They brought this suit against appellees, J. W. Cooper and wife, Buna Cooper, to set aside a deed executed by Mattie Nowlin to appellees. The original complaint contained several allegations of fraud, undue influence, duress and coercion on the part of appellees in the execution of the deed. These charges were subsequently abandoned and the case was tried on the sole issue of whether the consideration for said deed had failed. The chancellor held that it had not, and dismissed appellants' complaint for want of equity.

Mattie Nowlin, an aged widow, was a resident of Hoxie, Arkansas, and for several years prior to 1947 was employed by and made her home with the appellees. She owned a rent house in Hoxie valued at about $4,000 or $5,000 in which she had formerly resided. On April 29, 1947, Mattie Nowlin executed and delivered a warranty deed to appellees to the lot in Hoxie in consideration of appellees' agreement to ''support and care for grantor until her death and then to give her fitting burial.'' Possession and use of the property were reserved in the grantor until her death.

Sometime before the execution of the deed, the exact date not being shown, Mrs. Nowlin learned that she had cancer of the breast. Her physician, Dr. Tom A. Petty of Walnut Ridge, Arkansas, contacted Dr. Carl A. Rosenbaum, a cancer specialist in Little Rock, Arkansas, and arrangements were made for Mrs. Nowlin to be given treatment under the joint program of the Arkansas University School of Medicine and the American Cancer Society. Mrs. Nowlin, accompanied by Mrs. Cooper, came to Little Rock on May 7, 1947, when she was admitted to the University Hospital for treatment. Mrs. Cooper waited in the lobby of the hospital while Mrs. Nowlin executed a hospital admission form. Under her signature to this form there appears the following notation by the admission clerk: ''Financial Arrangements, Charity.''

Mrs. Cooper gave the hospital a local telephone number to call in case of an emergency. She visited Mrs. Nowlin while in the hospital and furnished blood for a

transfusion. Mrs. Nowlin underwent an operation and remained in the hospital until May 29, 1947, when she was removed to a convalescent home for cancer patients near the hospital where she remained until June 12, 1947. While in the convalescent home she received daily X-ray treatments at the hospital as an "out patient." She returned to the home of appellees on June 12, 1947, where she remained until August 15, 1948, when she was taken to St. Bernard's Hospital at Jonesboro, Arkansas, where she died on September 15, 1948.

During the 14 months that Mrs. Nowlin lived in the home of appellees after execution of the deed in 1947, the undisputed evidence is that she received every attention at the hands of appellees that her condition required. She had her own private room and appellees furnished her meals, laundry, utilities and treated her as a member of the family. She was bedfast a good portion of the time and the incision from the operation required frequent dressing. The first two or three weeks this unpleasant task was performed by a registered nurse, who was a friend of both Mrs. Nowlin and Mrs. Cooper, and thereafter this service was performed by Mrs. Cooper. Several witnesses attested to the excellent treatment given Mrs. Nowlin by appellees and of the family-like affection that existed between them. One of the appellants visited Mrs. Nowlin twice and another once after eecxution of the deed. There is an absence of any showing that they offered to care for Mrs. Nowlin or that she ever sought their assistance.

When Mrs. Nowlin's condition grew worse in August, 1948, Mrs. Cooper made arrangements for her admission to St. Bernard's Hospital at Jonesboro, Arkansas, and accompanied her in the ambulance to the hospital. She made visits to the hospital for the next 29 days, making the trips by train or bus daily between the hours of 1:00 P. M. and 6:00 P. M. Mrs. Cooper also made arrangements for the funeral according to plans previously made by deceased. Burial took place in the Powhatan Cemetery on a family plot that had been selected by Mrs. Nowlin.

Appellees paid hospital and doctor bills in connection with Mrs. Nowlin's last illness in the sum of $309.03 which included the hospitalization at St. Bernard's Hospital at Jonesboro. Mrs. Nowlin had a burial policy with the Bryan Funeral Home at Hoxie which provided for burial services in the amount of $300. Appellees paid the Bryan Funeral Home $31.25 for additional services not covered by the policy and for the erection of a monument costing $71.60. Mrs. Nowlin continued to collect the rents from the property in controversy after execution of the deed to appellees. In her last illness she gave $200 to appellees with instructions to use the money to help defray expenses incurred in connection with her illness.

The University Hospital is operated in connection with the University of Arkansas School of Medicine. The evidence reflects that 98% of the patients are admitted as charity cases and collections are made from only 2% of the patients admitted. The director of the hospital testified: "After admission, if the patient is classified or it is found that they can pay, at that time we make a notation to bill the patient upon discharge." He further testified that no account was ever set up for Mrs. Nowlin's treatment and no bills rendered for the services performed. Mrs. Nowlin's board and room at the convalescent home in the amount of $42.95 was paid by the State of Arkansas on a warrant authorized by Dr. Rosenbaum as disbursing officer of the Arkansas Cancer Control Commission. It was shown to be the custom of physicians in rural sections without adequate facilities for treating cancer to refer their patients to Dr. Rosenbaum for treatment under the joint program of the medical school and the Cancer Control Commission. Whether this service is confined to charity cases is not shown in this record.

Appellants earnestly contend that the consideration for the deed failed under our holdings in *Edwards* v. *Locke,* 134 Ark. 80, 203 S. W. 286, and *Goodwin* v. *Tyson,* 167 Ark. 396, 268 S. W. 15. These cases are authority for the proposition that an intentional failure upon the

part of the grantee to perform the contract of support which constitutes the consideration for the deed, raises the presumption of such fraudulent intention from the inception of the contract, and therefore vitiates the deed based upon such consideration. It is insisted that the burden resting on appellees under the deed to support and give Mrs. Nowlin a fitting burial was shifted by them to the State and other third parties. In this connection it is argued that appellees fraudulently facilitated Mrs. Nowlin's entrance to the University Hospital as a pauper and "wilfully permitted" her to be buried in a free burial lot at Powhatan. The evidence on these points is that, prior to execution of the deed, a physician of Mrs. Nowlin's own choice arranged for her treatment at the University Hospital under the cancer control program; and that burial was made at the place and in the manner previously designated by Mrs. Nowlin. It is not unusual for towns the size of Powhatan to maintain a "free" cemetery.'

We conclude that the chancellor correctly held that appellants did not sustain the burden of showing an intentional failure on the part of appellees to perform the contract which furnished the consideration for the deed. It is undisputed that Mrs. Nowlin received all the care and support contemplated by her upon execution of the deed. There is no evidence of any complaint from her as to the treatment she received. If fraud was committed by appellees in connection with the treatment at the University Hospital, it was not practiced upon Mrs. Nowlin but upon the State. Whether the State may recover from appellees for services rendered by the University Hospital is not an issue here.

The decree is affirmed.

WARD, J., disqualified and not participating.